## Case No. 25-20231

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Randy Randel; Debra Randel,
Plaintiffs – Appellants

v.

Travelers Lloyds of Texas Insurance Company,
Defendant – Appellee

On Appeal from the United States District Court
Southern District of Texas, Houston Division,
Cause No. 4:19-CV-2883

### PLAINTIFFS-APPELLANTS' BRIEF

**FRIESELL WESTERLAGE, PLLC**

By: /s/ John Riley Friesell
John Riley Friesell
Texas Bar No. 90001413
540 Heights Blvd., Suite 208
Houston, Texas 77007
Telephone: (713) 236-9177
Fax: (888) 749-3831

## CERTIFICATE OF INTERESTED PERSONS

### Case No. 20-20567

Randy Randel; Debra Randel,
       Plaintiffs -- Appellants

v.

Travelers Lloyds of Texas Insurance Company,
       Defendant – Appellee.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

### JUDGES

1. **Kenneth M. Hoyt:** United States District Judge.

### PARTIES AND RELATED ENTITIES

2. **Randy Randel:** Plaintiff – Appellant.

3. **Debra Randel:** Plaintiff – Appellant.

4. **Travelers Lloyds of Texas Insurance Company:** Defendant – Appellee.

5. **The Travelers Indemnity Company** has 100% ownership interest in Travelers Lloyds of Texas Insurance Company, Defendant – Appellee.

6. **Travelers Insurance Group Holdings, Inc.**, has 100% ownership interest in The Travelers Indemnity Company.

i

7.    **Travelers Property Casualty Corp.**, has 100% ownership interest in Travelers Insurance Group Holdings, Inc.

8.    **The Travelers Companies, Inc.**, is publicly held and has 100% ownership interest in Travelers Property Casualty Corp.

#### COUNSEL FOR PLAINTIFFS – APPELLANTS

9.    **Aristotelis Tristan Westerlage**, Friesell Westerlage, PLLC (in the district court).

10.   **John Riley Friesell**, Friesell Westerlage, PLLC (in the district court and on appeal).

#### COUNSEL FOR DEFENDANT – APPELLEES

11.   **Martin R. Sadler,** Litchfield Cavo, LLP (in the district court).

12.   **Michael W. McCoy**, of counsel, Lugenbuhl Wheaton Peck Rankin and Hubbard (in the district court);

13.   **Christine Reifshcneider Edwards**, Lugenbuhl Wheaton Peck Rankin and Hubbard (in the district court);

14.   **LaDonna Grey Schexnyder**, Lugenbuhl Wheaton Peck Rankin and Hubbard (in the district court and on appeal);

15.   **Seth A. Schmeeckle**, Lugenbuhl Wheaton Peck Rankin and Hubbard (on appeal)

16.   **Carin L. Marcussen,** Lugenbuhl Wheaton Peck Rankin and Hubbard (in the district court and on appeal)

17. **Charles Thomas Frazier, Jr.,** Alexander Dubose & Jefferson, LLP (on appeal)

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

/s/ John Riley Friesell
John Riley Friesell

## REQUEST FOR ORAL ARGUMENT

Oral argument would assist the Court in resolving the issue presented on appeal. Plaintiffs – Appellants therefore respectfully request oral argument. Fed. R. App. P. 34(a)(2)(B).

## TABLE OF CONTENTS

*Page*

Certificate of Interested Persons ...............................................i

Request for Oral Argument....................................................iii

Table of Contents ...............................................................iv

Table of Citations ...............................................................v

Statement of Jurisdiction.......................................................1

Statement of the Issues..........................................................1

Statement of the Case............................................................2

Summary of the Argument ...................................................7

Argument...........................................................................8

   ISSUE ONE RESTATED:

  .........................................................................................8

   ISSUE TWO RESTATED:

  .........................................................................................18

   ISSUE THREE RESTATED

  .........................................................................................20

Conclusion ........................................................................31

Certificate of Service ..........................................................32

Certificate of Compliance ................................................................. 33

## TABLE OF CITATIONS

**Cases**

*ACS Primary Care Physicians Sw., P.A. v. United Healthcare Ins. Co.,*
26 F.4th 716 (5th Cir. 2022) ......................................................27

*Agredano v. State Farm Lloyds,*
975 F.3d 504 (5th Cir. 2020)......................................................17

*Alpha/Omega Ins. Servs. Inc. v. Prudential Ins. Co. of Am.,*
272 F.3d 276 (5th Cir. 2001)......................................................24

*Arizona v. California,*
460 U.S. 605 (1983)....................................................................25

*Barbara Technologies Corporation v. State Farm Lloyds,*
589 S.W.3d 806 (Tex. 2019) .......................................................33

*Bayle v. Allstate Ins. Co.,*
615 F.3d 350 (5th Cir. 2010)......................................................14

*Boudreaux v. Swift Transp. Co., Inc.,*
402 F.3d 536 (5th Cir. 2005)......................................................16

*Carrizales v. State Farm Lloyds,*
518 F.3d 343 (5th Cir. 2008)......................................................21

*Celotex Corp. v. Cartrett,*
477 U.S. 317 (1986)....................................................................14

*Chistopherson v. Allied-Singal Corp.,*
939 F.2d 1106 (5th Cir. 1991).....................................................13

*Citizens Bank of Bryan v. First State Bank,*
580 S.W.2d 344 (Tex. 1979) .......................................................33

*Conkling v. Turner,*
138 F.3d 577 (5th Cir. 1998).......................................................24

*Cory v. Stewart,*
103 F.4th 1067 (5th Cir. 2024) ...................................................14

*DeWolff, Boberg & Associates Inc. v. Pethick,*
133 F.4th 448 (5th Cir. 2025) .....................................................13

*Fontenot v. Upjohn Co.,*
780 F.2d 1190 (5th Cir. 1986).....................................................15

*Franco,*
154 S.W.3d .................................................................................22

*Galbraith Eng'g Consultants, Inc. v. Pochucha,*

290 S.W.3d 863 (Tex. 2009) ............................................................21

*Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London,*
  327 S.W.3d 118(Tex. 2010) ...........................................................18

*Gulf Coast Bldg. & Supply Co. v. Int'l Broth. Of Elec. Workers, Local
  No. 480, AFL-CIO,*
  460 F.2d 105 (5th Cir. 1972)...........................................................23

*Guzman v. Allstate Assurance Co.,*
  18 F.4th 157 (5th Cir. 2021) .....................................................14, 15

*Hygeia Dairy Co. v. Gonzalez,*
  994 S.W.2d 220 (Tex. App. – San Antonio 1999, no pet.) ...................21

*In re Dallas County,*
  697 S.W.3d 142 (Tex. 2024) ...........................................................33

*Jaw The Pointe, L.L.C., v. Lexington Insurance Company,*
  460 S.W.3d 597 (Tex. 2015) ...........................................................18

*Knopp v. State Farm Lloyds,*
  2024 WL 3579432 ...............................................................27, 28

*Lundstrom v. United Servs. Auto. Ass'n–CIC,*
  192 S.W.3d 78 (Tex. App.-Houston [14th Dist.] 2006, pet. denied).....22

*McCarty v. Hillstone Rest. Group, Inc.,*
  864 F.3d 354 (5th Cir. 2017)...........................................................16

*Medical Center Pharmacy v. Holder,*
  634 F.3d 830 (5th Cir. 2011)...........................................................23

*Messenger v. Anderson,*
  225 U.S. 436 (1912)......................................................................25

*Mirelez v. State Farm Lloyds,*
  127 F.4th 949 (5th Cir. 2025) .............................................26, 27, 28

*Moulton v. Alamo Ambulance Serv., Inc.,*
  414 S.W.2d 444 (Tex. 1967) ...........................................................21

*Nat'l Sec. Fire & Cas. Co. v. Hurst,*
  523 S.W.3d 840 (Tex. App. – Houston [14th Dist.] 2017, no pet.) .......22

*Ortiz v. State Farm Lloyds,*
  589 S.W.3d 127 (Tex. 2019) .....................................................Passim

*Ortiz,*
  598 S.W.3d ...............................................................................26

*Rodriguez v. Safeco Insurance Company of Indiana,*
  684 S.W.3d 789 (Tex. 2024) .....................................................31, 32

*Salve Regina College v. Russell*,
  499 U.S. 225 (1991) ..........................................................................13
*Seger v. Yorkshire Insurance Co., Ltd.*,
  503 S.W3d 388 (Tex. 2016) ...............................................................19
*Sneed v. Webre*,
  465 S.W.3d 169 (Tex. 2015) ..............................................................32
*Sneed*,
  456 S.W.3d .........................................................................................33
*St. Paul Mercury Ins. Co. v. Williamson*,
  224 F.3d 425 (5th Cir. 2000)..............................................................14
*Stotak v. Tenneco Resins, Inc.*,
  953 F.2d 909 (5th Cir. 1992)..............................................................13
*Sw. Bell Tel., L.P. v. Emmett*,
  459 S.W.3d 578 (Tex. 2015) ..............................................................34
*Tex. Mut. Ins. Co. v. Ruttiger*,
  381 S.W.3d 430 (Tex. 2012) ........................................................32, 35
*United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*,
  995 Fed. Supp. 2d 647 (S.D. Tex. 2014) ...........................................20
*United States v. Matthews*,
  312 F.3d 652 (5th Cir. 2002)..............................................................24
*Universal Life Ins. Co. v. Giles*,
  950 S.W.2d 48 (Tex. 1997) .................................................................34
*USAA Lloyds Company v. Menchaca*,
  545 S.W.3d 479 (Tex. 2018) ........................................................Passim
*Vail v. Texas Farm Bureau Mut. Ins. Co.*,
  754 S.W.2d 129 (Tex. 1988) ...............................................................30
*Wilhite v. Ark Royal Ins. Co.*,
  No. 24-20401, 2025 WL 2588992 (5th Cir. Sep. 8, 2025) ..................26

**Statutes**

28 U.S.C.A. § 1291.................................................................................5
Tex. Ins. Code. § 554.002.....................................................................19
Tex. Ins. Code § 541.451......................................................................35
Tex. Ins. Code § 2210.574....................................................................33
Tex. Ins. Code § 2210.579....................................................................33

Tex. Ins. Code, 541.060(a) ...................................................................35
Texas Insurance Code § 541.453...........................................................10
Texas Insurance Code § 542.060(a) ................................................ 17, 18
Texas Insurance Code § 544.002.................................................... 15, 19

**Rules**

Fed. R. App. P. 4(a)(1)(A) ......................................................................5
Fed. R. App. P. 32(a)(7) ......................................................................38
Fed. R. Civ. P. 56(a).............................................................................13
Tex. R. App. P. 58.1 .............................................................................26
Tex. R. Civ. Pro. 94..............................................................................19

## STATEMENT OF JURISDICTION

This Court's jurisdiction is invoked under 28 U.S.C.A. § 1291, as an appeal from a final judgment in the United States District Court for the Southern District of Texas.

Final judgment was entered on May 5, 2025. (ROA.1897) Plaintiffs-Appellants filed a timely notice of appeal on June 2, 2025. (ROA.1897-1898). *See* Fed. R. App. P. 4(a)(1)(A).

## STATEMENT OF THE ISSUES

Issue One: Whether the district court erred by granting Travelers' motion for summary judgment on Plaintiffs' cause of action under the Texas Prompt Payment of Claim Act since Travelers did not establish that it owed no statutory attorney's fees because the Randels' claim fell within an exclusion to coverage under the policy.

Issue Two: Whether the district court reversibly erred in finding that this Court's mandate precluded its consideration of the Randels' causes of action for statutory and common law bad faith.

1

Issue Three: Whether this Court should certify to the Texas Supreme Court the question of whether payment of an appraisal award precludes an insured from establishing an independent injury under the entitled-to-benefits theory of causation of damages where the insured's claim is covered and the insurer's withholding of payment of the claim constitutes or results from a prohibited act or practice under the statute or the insurer's breach of its duty of good faith and fair dealing.

## STATEMENT OF THE CASE

This is a first-party insurance dispute. Plaintiffs' Amended Complaint alleged causes of action against Defendant for breach of contract; breach of the common law duty of good faith; and violations of the Unfair Claims Settlement Practices Act and the Prompt Payment of Claims Act under the Texas Insurance Code. ROA.116-129.

While this suit was pending, an appraisal award issued. Travelers paid the award and moved for summary judgment on all of the Randels' causes of action based on payment of the award. In support of its motion for summary judgment on the Randels' causes of action for common law bad faith and statutory bad faith, Travelers argued that "[w]ithout a

right to additional Policy benefits and without alleging any independent injury, Plaintiffs cannot maintain any extra-contractual causes of action." ROA.175-176. Travelers did not assert as a basis of its motion for summary judgment on the Randels' common-law and statutory bad faith claims that the Randels' claim was not covered under the policy or that there was no evidence of the alleged common law bad faith and prohibited acts and practices in violation of Texas Insurance Code, Chapter 541. Rather, Travelers argued that because the Randels had already received all policy benefits they were entitled to, they could not prove that any actual damages to support their common law bad faith and Chapter 541 claims because they had not alleged, and could not prove, any actual damages sustained as a result of common law or statutory bad faith under *Menchaca's* independent-injury theory of causation. ROA.175-176,

The district court granted summary judgment on all of Plaintiffs causes of action, ROA.948-954. The district court granted summary judgment on Plaintiffs' causes of action for common-law bad faith and violations of Texas Insurance Code, Chapter 541 reasoning that the Texas Supreme Court's opinion in *Ortiz v. State Farm Lloyds*, 589 S.W.3d

3

127 (Tex. 2019) held that "an insurer's payment of [an appraisal] award … bars the insured's common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits." ROA.951-952. quoting *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 129 (Tex. 2019)

The Randels appealed and this Court affirmed in part and reversed in part. ROA.964-972. This Court affirmed summary judgment on the Randels' breach of contract claim. ROA.967-969. But this Court remanded the Randels' "prompt-payment claim relating to the dwelling and personal property coverage[.]" ROA.970-972. This Court did not expressly affirm the summary judgment order on the Randels' claim in tort under common law and Chapter 541. Instead, the Court noted that its affirming dismissal of the breach of contract claim "supports" dismissal of the Randels's "bad faith claim." ROA.967. This Court's opinion concluded:

> "The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART. The prompt-payment claim relating to dwelling and personal property coverage is REMANDED."

ROA.972.

The mandate read:

4

This cause was considered on the record on appeal and was argued by counsel.

> IT IS ORDERED AND ADJUDED that the judgment of the District Court is AFFIRMED IN PART, REVERSED IN PART and REMANDED to the District Court for further proceedings in accordance with the opinion of this Court. IT IS FURTHER ORDERED that each party bear its own costs on appeal.

ROA.1043-1045.

On remand, the district court ordered the parties to brief the issues on remand. ROA.981. Plaintiffs argued that their causes of action for violations of Chapter 541 and breach of the common law duty of good faith and fair dealing were within the scope of remand because this Court neither explicitly or implicitly decided the issue and because proving coverage or proving an exclusion to coverage for purposes of proving the elements of Plaintiffs cause of action under the Texas Prompt Payment of Claims Act would necessarily involve development of facts relevant to Plaintiffs' common law bad faith and Chapter 541 causes of action. ROA.982-990. Plaintiffs further argued that payment of an appraisal award did not bar their causes of action for common law bad faith and

violations of Chapter 541 as a matter of law under the Texas Supreme Court's holding in *Ortiz v. State Farm Lloyds,* 589 S.W.3d 127 (Tex. 2019) because they had alleged facts which would support a finding that they sustained damages under Chapter 541. ROA.989-990. Plaintiffs also argued that they could recover these actual damages under Chapter 541 despite payment of the appraisal award because the Texas Insurance Code § 541.453 limited application of the common law prohibition against double recovery for purposes of the statute to allow an insured to recover statutory damages in addition to damages in contract. ROA.987-988. ROA.987-988. Plaintiffs further argued that even if these issues were somehow waived because they were not argued on appeal, the court should exercise its discretion to consider Plaintiffs' causes of action for violations of Chapter 541 and the common law duty of good faith on remand as plain error that substantially affected Plaintiffs rights. ROA.1098-1100.

The district court rejected Plaintiffs argument finding that "the Circuit Court's mandate forecloses a trial on any issue save the issue

concerning the Prompt Pay Act. Therefore, the sole issue(s) that will be tried are those concerning the Prompt Payment Act." ROA.1146.

On July 30, 2024, Travelers filed a motion for summary judgment on Plaintiffs' Prompt Payment of Claims cause of action. ROA.1147-1158. On May 5, 2025, the district court granted Travelers motion for summary judgment1886-1895. Final judgment was entered on by the clerk on May 5, 2025. ROA.1896.   Plaintiffs filed a timely notice of appeal on June 2, 2025. ROA.1897.

## Summary of the Argument

The district court reversibly erred in granting Travelers' motion for summary judgment on the Randels' causes of action under the Prompt Payment of Claims Act because Travelers did not pay any statutory attorneys fees and did not conclusively establish that it was not liable under the policy for the Randels' claim because of an exclusion to coverage under the policy.

The district court reversibly erred if finding that this Court's mandate precluded its consideration of the Randels' causes of action for common law and stator bad faith since the issue was not expressly or

7

implicitly addressed by this Court and because the evidence relevant to the Randels' cause of action under the Prompt Payment of Claims Act was also relevant to proving their causes of action for bad faith.

This Court's binding precedent that payment of an appraisal award bars an insured as a matter of law from establishing an independent injury under the entitled-to-benefits theory of causation is mistaken. The Supreme Court has already ordered briefing in a case that is similar to the one in which this Court held that payment of an appraisal award barred an insured from establishing an independent injury under the entitled-to-benefits theory of causation. This is a recurring and dispositive issue in first-party insurance litigation in Texas. The Court should therefore certify the question to the Texas Supreme Court for resolution. ISSUE ONE RESTATED: Whether the district court erred in granting Travelers' motion for summary judgment on Plaintiffs cause of action under the Texas Prompt Payment of Claims Act.

**A. Standard of Review:** The court reviews *de novo* an order granting summary judgment. *Stotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912 (5th Cir. 1992). *De novo* review applies to the district court's determinations

8

of state law in the context of summary judgment. *Stotak,* 953 F.2d at 912 citing *Salve Regina College v. Russell,* 499 U.S. 225 (1991). The trial court's decision in light of the summary judgment record is reviewed *de novo. Chistopherson v. Allied-Singal Corp.,* 939 F.2d 1106, 1109 (5th Cir. 1991).

**B. Argument:**

Summary judgment is only appropriate where the movant establishes "that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *DeWolff, Boberg & Associates Inc. v. Pethick,* 133 F.4th 448, 452 (5th Cir. 2025) quoting Fed. R. Civ. P. 56(a). If the non-movant has the burden of proof at trial on the issue at trial, the movant must do more than make conclusory assertions that the nonmovant has not presented evidence of an essential element of its claim. *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 (5th Cir. 2000). "The movant bears the burden of presenting the basis for the motion and the elements of the causes of action on which the nonmovant is unable to establish a genuine dispute of material fact." *Celotex Corp. v. Cartrett,* 477 U.S. 317, 323 (1986). It is the movant's burden to

9

demonstrate that the record conclusively establishes its right to judgment as a matter of law under this standard. *Cory v. Stewart,* 103 F.4th 1067, 1077 (5th Cir. 2024). The burden shifts to the nonmovant to produce evidence creating a genuine issue of material fact only if the movant first meets its burden of demonstrating that there is no genuine issue of material fact for trial. *Bayle v. Allstate Ins. Co.,* 615 F.3d 350, 355 (5th Cir. 2010).

If the movant bears the burden of proof at trial because its motion is based on an affirmative defense or other issue on which the movant has the burden of proof at trial, "this burden is even higher; he must 'establish beyond peradventure all of the essential elements of the claim or defense.'" *Guzman v. Allstate Assurance Co.,* 18 F.4th 157, 160 (5th Cir. 2021) quoting *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986). An insurer's motion for summary judgment based on the insured's claim falling within an exclusion or exception to coverage is a motion for summary judgment based on an issue which the insurer has the burden at trial because Texas Insurance Code § 544.002 places the burden of proof on the insurer as to matters of exclusions or exceptions to coverage.

Specifically, the statute provides that "[l]anguage of an exclusion in the contract or an exception to coverage claimed by the insurer or health maintenance organization constitutes an avoidance or an affirmative defense." Tex. Ins. Code § 544.002. The insurer must therefore establish that the exclusion to coverage applies as a matter of law when moving for summary judgment based on an exclusion or exception to coverage the insurer argues applies to the insured's claim. *Guzman v. Allstate Assurance Co.,* 18 F.4th 157, 160 (5th Cir. 2021). The burden does not shift to the insured as the nonmovant to designate evidence to establish that a genuine issue of material fact exists unless the insurer first meets this heavy burden of establishing its affirmative defense as a matter of law. *Guzman v. Allstate Assurance Co.,* 18 F.4th 157, 160 (5th Cir. 2021) quoting *McCarty v. Hillstone Rest. Group, Inc.,* 864 F.3d 354, 357 (5th Cir. 2017) (quoting) *Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005).

## B. Argument.

Travelers moved for summary judgment on Plaintiffs' Prompt Payment of Claims Act causes of action arguing that it had paid all

statutory interest for which it could potentially be liable under the statute. ROA.1147-1157. Specifically, Travelers paid the appraisal award without conceding coverage for all damages included in the appraisal award. ROA.1151. Travelers then paid all "statutory interest that *might* be owed." (emphasis in original) ROA.1152. But Travelers did not concede liability for the Randels' underlying claim and Travelers made no payment of "reasonable and necessary attorney's fees" recoverable under the statute although the statute provides that an insured is entitled to statutory attorney's fees if the insurer is liable for the claim under the policy and violates the statute's deadlines.[1]

The only elements of proof for a violation of the § 542.058 are: (1) that the insurer is liable for the claim under the policy; and (2) that the insurer's payment of the claim was not within the statutory deadline.

---

1  Texas Insurance Code § 542.060(a) provides:

> (a) Except as provided by Subsection (c), if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law.

*Agredano v. State Farm Lloyds*, 975 F.3d 504, 504 (5th Cir. 2020) (quoting)

*Barbara Techs. Corp. v. State Farm Lloyds,* 589 S.W.3d 127, 135 (Tex.

2019). For purposes of summary judgment, Travelers was therefore

required to conclusively establish as a matter of law that it did not owe

any attorney's fees for the statutory violation. But Travelers' motion for

summary judgment demonstrates that Travelers did not pay any

attorney's fees recoverable under the statute. And Travelers' summary

judgment motion makes clear that its payment of statutory interest did

not concede liability for the Randels' claim under the policy or the amount

of the loss determined through appraisal. But Travelers did not move for

summary judgment on the affirmative defense that coverage was

excluded or fell within an exception to coverage under the policy to

conclusively establish that it owed no statutory attorney's fees as a

matter of law. The summary judgment evidence therefore did not

establish as a matter of law that Travelers was not liable for the Randels'

claim under the policy such that there was no genuine issue of material

fact that Travelers was liable for statutory attorney's fees under Texas

Insurance Code §542.060(a).

Travelers did not conclusively establish as an affirmative defense that the Randels' claim fell within an exclusion or exception to coverage under the policy. "Initially, the insured has the burden of establishing coverage under the terms of the policy. […] To avoid liability, the insurer then has the burden to plead and prove that the loss falls within an exclusion to the policy's coverage." *Jaw The Pointe, L.L.C.*, v. *Lexington Insurance Company*, 460 S.W.3d 597, 603 (Tex. 2015) quoting *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124(Tex. 2010); Tex. Ins. Code. § 554.002[2]; Tex. R. Civ. Pro. 94[3]   An

---

2  Texas Insurance Code § 544.002 provides:
In a suit to recover under an insurance or health maintenance organization contract, the insurer or health maintenance organization has the burden of proof as to any avoidance or affirmative defense that the Texas Rules of Civil Procedure require to be affirmatively pleaded. Language of exclusion in the contract or an exception to coverage claimed by the insurer or health maintenance organization constitutes an avoidance or an affirmative defense.

3  Texas Rule of Civil Procedure 94 provides:
Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists.

insured meets his burden of proving coverage under the terms of the policy and shifts the burden to the insurer to prove that the loss falls within an exclusion to coverage by showing (1) a fortuitous loss falling within the policy's coverage; (2) was incurred by a person covered by the policy; (3) at a time covered by the policy. *Seger v. Yorkshire Insurance Co., Ltd.*, 503 S.W3d 388, 400 (Tex. 2016). There is no dispute that the Randels were the named insureds on the policy and that the fire occurred on July 4, 2017 while Travelers insured the Randels' home. ROA.1147. There is also no dispute that the policy "insures against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions" and that "fire" is a listed peril under Section I. ROA.1184. The Randels therefore met their burden to establish that their claim fell within the coverage provided by the policy, thereby shifting the burden to Travelers to conclusively establish as a matter of law that an exclusion or exception to coverage applied to their claim. But Travelers' motion for summary judgment did not attempt to prove, much

15

less conclusively establish, that an exclusion or exception to coverage under the policy applied to the Randels' claim.

Even if Travelers were not relying on an exclusion of coverage but the Randels's purported failure to mitigate the damage, Travelers had "the burden of proving lack of diligence on the part of the plaintiff, and the amount by which the damages were increased by a failure to mitigate." *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.,* 995 Fed. Supp. 2d 647, 651 (S.D. Tex. 2014) quoting *Hygeia Dairy Co. v. Gonzalez,* 994 S.W.2d 220, 224 (Tex. App. – San Antonio 1999, no pet.) (citing) *Moulton v. Alamo Ambulance Serv., Inc.,* 414 S.W.2d 444, 447 (Tex. 1967); see also *Carrizales v. State Farm Lloyds,* 518 F.3d 343, 350 (5th Cir. 2008) (the insurer has the evidentiary burden to establish the extent to which the insured's failure to mitigate, if any, reduces the insurer's liability.). Travelers' summary judgement evidence did not establish as a matter of law that the Randels breached the duty to mitigate damages. Even if Travelers did establish that the Randels did breach their duty to mitigate as a matter of law, Travelers did not conclusively establish as a matter of law the extent to which that breach reduced Travelers' liability.

Furthermore, Travelers waived any argument that the appraisal award was binding and enforceable as to the amount of the loss based on the Randels' purported failure to mitigate damages. Appraisal awards are binding as to the amount of the loss and leave only the question of liability for the court. *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 889 (Tex. 2009). Texas courts recognize "three situations in which the results of an otherwise binding appraisal may be disregarded: (1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy." *Lundstrom v. United Servs. Auto. Ass'n–CIC,* 192 S.W.3d 78, 87 (Tex. App.-Houston [14th Dist.] 2006, pet. denied). A party seeking to set aside an appraisal award bears the evidentiary burden of proving that the award is not enforceable. *Nat'l Sec. Fire & Cas. Co. v. Hurst,* 523 S.W.3d 840, 844 (Tex. App. – Houston [14th Dist.] 2017, no pet.) citing *Lundstrom,* 192 S.W.3d at 87; see also *Franco,* 154 S.W.3d at 786.   But Travelers did not move to vacate the appraisal award based on an argument that it resulted from an impermissible coverage determination by including damage that

17

resulted from the Randels' purported breach of duty to mitigate damages. The appraisal award was therefore binding and enforceable as to the amount of the loss even if Travelers met its burden to prove that the Randels' breached their duty to mitigate the damage.

Travelers' summary judgment evidence therefore did not establish as a matter of law that it was not liable for the Randels' claim and therefore did not establish as a matter of law that it owed no statutory attorney's fees under the PPCA. The district court therefore reversibly erred by granting summary judgment on the Randels' cause of action under the PPCA.

Issue Two: The law of the case doctrine did not bar consideration of Plaintiffs' claims for common-law bad faith and violations of the Unfair Claim Settlement Practices Act on remand.

Argument:

"[A] mandate is completely controlling as to all matters within its compass, but on remand the trial court is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." *Gulf Coast*

*Bldg. & Supply Co. v. Int'l Broth. Of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 107 (5th Cir. 1972); *Medical Center Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("[A]n issue that is not expressly or implicitly decided on appeal does not become part of the law of the case.")  Accordingly, "the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Alpha/Omega Ins. Servs. Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001). This Court has applied similar reasoning to reject the application of the law of the case doctrine where the issue was not raised on appeal because:

> [w]hile we recognize that 'the law of the case' doctrine 'comprehends things decided by necessary implication as well as those decided implicitly,' it nevertheless 'applies only to issues that were decided' and 'does not include determination of all questions which were within the issues of the case and which, therefore, might have been decided.'

*Conkling v. Turner*, 138 F.3d 577, 587 (5th Cir. 1998) (internal quotations and citations omitted.)

Because this Court's opinion did not expressly or implicitly decide that Plaintiffs' could not prove their causes of action for violations of Chapter 541 or common-law bad faith based on payment of the appraisal

award, the law of the case doctrine did not preclude Plaintiffs from pursuing those claims on remand. The law of the case doctrine is a discretionary practice rather than a jurisdictional rule and "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *United States v. Matthews*, 312 F.3d 652, 615 (5th Cir. 2002) quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912); see also *Arizona v. California,* 460 U.S. 605, 618 (1983) ("Law of the case directs the court's discretion, it does not limit the tribunal's power.") Since this Court did not explicitly decide the issue of whether Plaintiffs' claims under Chapter 541 and for breach of the common law duty of good faith and fair dealing could not be established following payment of an appraisal award, the law of the case doctrine did not bar the district courts exercising its jurisdiction over those claims. The district court therefore erred in finding that "the Circuit Court's mandate forecloses a trial on any issue save the issue concerning the Prompt Pay Act." ROA.1146.

Issue Three: This Court should certify to the Texas Supreme Court the question whether payment of an appraisal award bars an insured from

recovering actual damages under the entitled-to-benefits theory of causation upon pleading and proving that the insurer's improper delay or denial of an insured's covered claim constituted or resulted from its violation of Chapter 541 or breach of the common law duty of good faith and fair dealing.

Argument:

In *Mirelez v. State Farm Lloyds*, 127 F.4th 949, 953 (5th Cir. 2025), a panel of this Court held that an insured could not recover statutory damages under the "entitled-to-benefits" theory following payment of an appraisal award under the Court's holding in *Ortiz* since the insured was entitled to no additional benefits under the policy. *Mirelez*, 127 F.4th at 951 (quoting) *Ortiz*, 598 S.W.3d at 134 (quoting) *USAA Lloyds Company v. Menchaca*, 545 S.W.3d 479, 494-495, 500 (Tex. 2018).   Other panels of this Court have also held that they were bound by the panel's holding in *Mirelez* to reject the same argument the Randels present here. See e.g. *Wilhite v. Ark Royal Ins. Co.*, No. 24-20401, 2025 WL 2588992, at *4-5 (5th Cir. Sep. 8, 2025); *Frederich v. Trisura Specialty Ins. Co.*, No. 24-40748, 2025 WL 280272, at *2 (5th Cir. Oct. 7, 2025); *Dillen et al v. QBE*

21

*Insurance Corporation,* 5th Cir. No. 25-20070 (October 22, 2025).

The Texas Supreme Court "may answer questions of law certified to it ... if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent." Tex. R. App. P. 58.1. That important state interests are at stake and that the Texas Supreme Court has not provided clear guidance on the issue; that Texas has an interest in the interpretation and application of the statute at issue; and, that this is a recurring issue not limited to the single case under consideration support certifying the questions presented to the Texas Supreme Court. *ACS Primary Care Physicians Sw., P.A. v. United Healthcare Ins. Co.,* 26 F.4th 716, 719 (5th Cir. 2022).

The questions submitted in this case are recurring and dispositive in the context of first-party insurance litigation. Furthermore, the Texas Supreme Court has already ordered briefing on the merits in a case with a fact pattern similar to that in *Mirelez v. State Farm Lloyds*, 127 F.4th 949 (5th Cir. 2025) in *Knopp v. State Farm Lloyds,* 2024 WL 3579432, Case No. 05-22-00749-CV, Tex. App. – Dallas, Case No. 05-22-00749-CV ,July 30, 2024 (petition for review filed Jan. 6, 2025). In *Knopp*, State

Farm denied coverage after an appraisal award was issued. *Id.*, at \*2. The insured then filed suit alleging breach of contract, common law bad faith, and violations under Chapter 541 and Chapter 542 of the Texas Insurance Code. *Id.*, at \*2. After suit was filed, State Farm paid the appraisal award and all statutory interest possibly owed under Chapter 542. *Id.*, at \*2. State Farm then moved for summary judgment on all of Knopp's causes of action based on payment of the appraisal award. *Id.*, at \*3. The court of appeals affirmed holding that payment of the appraisal award barred the insured's breach of contract claim premised on failure to pay the covered loss. *Id.*, at \*5 citing *Ortiz,* 589 S.W.3d at 129. The court of appeals also affirmed summary judgment on the insured's causes of action under Chapter 541 because the insured only sought lost policy benefits as actual damages and there was no evidence of statutory damages under *Menchaca's* independent-injury rule. *Id.*, at \*6 citing *Menchaca*, 545 S.W.3d at 499-500. The Court has ordered briefing on the merits in *Knopp v. State Farm Lloyds*, Supreme Court of Texas Cause No. 24-1012.

Furthermore, the panel's holding in *Mirelez* is mistaken. An insured can prove it sustained an independent injury under Chapter 541 by proving, *either*: (1) that insurer's prohibited act or practice caused withholding of payment of the insured's covered claim ("the entitled-to-benefits rule") *or* (2) if the insured's claim is *not* covered, that the insurer's prohibited act or practice caused an injury independent of a right to benefits under the policy ("the independent injury rule"). *USAA Lloyds Company v. Menchaca*, 545 S.W.3d 479 (Tex. 2018) *Menchaca's* "independent injury" theory of causation of damages for an independent injury in tort applies only if the insured's alleged statutory damages are predicated on a claim for benefits that is *not covered* under the policy. *Menchaca*, 545 S.W.3d at 500. If the insured's theory of causation of an independent injury is that his claim is covered, the insured must establish damages for that independent injury under *Menchaca's* "entitled-to-benefits" theory of causation. *Menchaca*, 545 S.W.3d at 494-495, 500.

Under the entitled-to-benefits theory of causation, an insured proves actual damages by showing that: (1) the claim is covered, and (2) the

24

insurer's withholding of payment constituted or resulted from a statutory violation. *Menchaca*, 545 S.W.3d at 494-495. The Court clarified that the entitled-to-benefits rule does *not* require an insured to prevail on a separate breach of contract claim to establish actual damages sustained because of the statutory violation. *Menchaca*, 545 S.W.3d at 494. Rather, "what matters for purposes of causation under the statute is whether the insured was entitled to receive benefits under the policy." *Id.*

The Court in *Ortiz* did *not* hold that the insured was barred from proving an independent injury under *Menchaca's* entitled-to-benefits theory of causation following payment of an appraisal award. The Court acknowledged that an insured could recover at least the amount of policy benefits wrongfully withheld because of a Chapter 541 violation under the entitled-to-benefits theory. *Ortiz*, 589 S.W.3d at 134 (quoting) *Menchaca*, 545 S.W.3d at 496 (quoting) *Vail v. Texas Farm Bureau Mut. Ins. Co.,* 754 S.W.2d 129, 136 (Tex. 1988). But the insured in *Ortiz* did not allege or argue that any statutory violation by State Farm caused the improper withholding of payment of his covered claim as required to recover damages under the entitled-to-benefits theory of causation of

25

statutory damages. *Ortiz*, 589 S.W.3d at 135. Because the insured in *Ortiz* sought no actual damages caused by a statutory violation under the entitled-to-benefits theory of causation, he necessarily could not recover treble damages and attorney's fees as a matter of law under the entitled-to-benefits theory of causation since an award of actual damages is a necessary predicate to recovery of treble damages and attorney's fees under Chapter 541. *Ortiz*, 589 S.W.3d at 135.   The Texas Supreme Court has since acknowledged that payment of an appraisal award only "discharge[s] the insurer's liability for a claim under the insurance policy." *Rodriguez v. Safeco Insurance Company of Indiana*, 684 S.W.3d 789, 794 (Tex. 2024) Although payment of an appraisal award discharges an insured's *contractual* duties, an insurer "remain[s] subject to the possibility of a judgment for claims *other* than a 'claim under the insurance policy for damage to or loss of covered property.'" *Rodriguez*, 684 S.W.3d at 794 (Tex. 2024) (emphasis in original) quoting *Ortiz*, 589 S.W.3d at 133. And the Randels' causes of action under Chapter 541 and for breach of the common law duty of good faith were claims for statutory and common law damages in tort under the entitled-to-benefits theory of

causation rather than claims for payment under the policy for covered damage to their property. Travelers' payment of the appraisal award to discharge its contractual duty to pay for damage to covered property under the policy therefore does not bar Randels causes of action in tort under common law and statutory bad faith. See *Rodriguez,* <u>684 S.W.3d at 794</u>.

Furthermore, the statute omits any reference to the contractual appraisal process as a potential bar to recovery of statutory damages for the independent injury sustained as a result of any of the prohibited acts or practices. Courts presume that "the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately omits words and phrases it does not enact." *Tex. Mut. Ins. Co. v. Ruttiger*, <u>381 S.W.3d 430, 452</u> (Tex. 2012). And "when the legislature has enacted a comprehensive statutory scheme, [courts] will refrain from imposing additional claims or procedures that may upset the Legislature's careful balance of policies and interest." *Sneed v. Webre,* <u>465 S.W.3d 169, 183</u> (Tex. 2015). Appraisal clauses were held enforceable under Texas law before the Legislature enacted Chapter 541. See *Scottish Union & Nat'l*

*Ins. v. Clancy,* 8. S.W.630, 631 (Tex. 1888) And the Texas Supreme Court has already noted that "there is no question that the Legislature knows how to fit appraisals into a statutory scheme governing the evaluation and payment of insurance claims" since it did so when enacting the Texas Windstorm Insurance Association Act. *Barbara Technologies Corporation v. State Farm Lloyds*, 589 S.W.3d 806, 814 (Tex. 2019) citing Tex. Ins. Code § 2210.574; Tex. Ins. Code § 2210.579. To read the statute as barring recovery of statutory damages already sustained under the entitled-to-benefits theory of causation based on payment of an appraisal award after the fact would "upset the Legislature's careful balance of policies and interest" without any support in text and must be rejected. See *Sneed*, 456 S.W.3d at 183.

Even if the statute was somehow found ambiguous, where statutory "language is suspectable of two constructions, one of which will carry out and the other defeat [its] manifest object, [the statute] should receive the former construction." *Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344, 348 (Tex. 1979); *In re Dallas County,* 697 S.W.3d 142, 159 (Tex. 2024) The Texas Supreme Court has affirmed the existence of the

common law duty of good faith and fair dealing and the Legislature enacted Chapter 541 of the Texas Insurance Code because, in the absence of any remedies in tort, insurers would be financially incentive to deny their insured's covered claim or to coerce their insureds into accepting unfair settlements. See *Universal Life Ins. Co. v. Giles,* 950 S.W.2d 48, 52 (Tex. 1997). Prohibiting an insured from proving and recovering statutory damages already sustained under *Menchaca's* "entitled-to-benefits" theory of causation based on a later payment of an appraisal award would render the statute ineffective by creating the financial incentive to improperly withhold payment of covered claims through any number of the statute's prohibited acts and practices which the statute was designed to remedy. Such a reading must be rejected because it would defeat the purpose of the statute.

Furthermore, Chapter 541 limits the application of the common-law double recovery rule to allow an insured to recover policy benefits paid pursuant to an appraisal award in addition to damages sustained under the entitled-to-benefits theory of causation. Although Texas common law prohibits double recovery of damages, "the common law only

29

controls in the absence of legislative action." *Sw. Bell Tel., L.P. v. Emmett,* 459 S.W.3d 578, 583 (Tex. 2015). And Chapter 541 provides for recovery of both contractual benefits under the policy in addition to actual and treble damages under the statute sustained as result of the statutory violation by providing for the recovery of damages under both the statute and another law *unless* those damages and penalties are "*for the same act or practice*". Tex. Ins. Code § 541.451 (emphasis added) Chapter 541 does not designate breach of contract as an unfair or deceptive act or practice in the business of insurance. See Tex. Ins. Code, 541.060(a). The plain meaning of the statutory text therefore provides that an insured can recover these statutory damages for the independent injury sustained because of the prohibited act or practice in addition to any policy benefits.

But even if the statute is ambiguous on this point, it is presumed that the Legislature "deliberately and purposefully" omitted breach of contract damages as prohibited double recovery for purposes of the statute. *Ruttiger*, 381 S.W.3d at 452. Furthermore, reading the statute as prohibiting recovery of both contractual and statutory damages under

30

the entitled-to-benefits theory of causation would defeat the purpose of statute since statutory damages would then only be recoverable following payment of policy benefits under *Menchaca's* independent injury theory of causation if the insured's claim was *not* covered. *Menchaca,* 545 S.W.3d at 500.    Such a reading must be rejected because it would defeat the statute's purpose.

Because this case presents a recurring and dispositive issue in the context of Texas first-party insurance litigation, this Court should certify the questions presented for resolution by the Texas Supreme Court.

## CONCLUSION

This Court should reverse the district court's judgment and remand for further proceedings.

Respectfully submitted,

**FRIESELL WESTERLAGE, PLLC,**

By: /s/ John Riley Friesell
John Riley Friesell
Texas Bar No. 90001413
540 Heights Blvd., Suite 208
Houston, Texas 77007
Telephone: (713) 236-9177
Fax: (888) 749-3831

31

## CERTIFICATE OF SERVICE

I certify that I served a copy of Plaintiffs-Appellants' Brief upon all counsel of record by CM/ECF on November 20, 2025.


/s/ John Riley Friesell
John Riley Friesell

32

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir R 32.2 and .3, the undersigned certifies this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)

1.   EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5th Cir R 32.2, THE BRIEF CONTAINS:

   **6,042** words, AND **710** lines of text in monospaced typeface

2.   THE BRIEF HAS BEEN PREPARED:

in proportionally space typeface using Microsoft Word 2016 in Century Schoolbook, 14-point font and 12-point font for footnotes.

3.   This brief complies with the privacy redaction requirements of 5th Cir. R. 25.2.13 because any personal data identifiers have been redacted.

4.   This brief complies with the electronic submission requirement of 5th Cir. R. 25.2.1 because this brief is an exact copy of the paper document.

5.   This brief has been scanned for viruses with the most recent version of Norton 360 and is free of viruses.

6.   THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN Fed. R. App. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

/s/ John Riley Friesell
John Riley Friesell